AMIR NASSIHI (SBN 235936)
anassihi@shb.com
JASON M. RICHARDSON (SBN 250916)
jmrichardson@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900 Fax: (415) 391-0281

MICHAEL MALLOW (SBN 188745)
mmallow@shb.com
SHOOK, HARDY & BACON L.L.P.
2049 Century Park East, Suite 3000
Los Angeles, California 90067
Tel.: 424.285.8330 Fax: 424.204.9093

Attorneys for Defendant
Tesla, Inc. (incorrectly named
also as "Tesla Motors, Inc.")

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CULLIS, | Case No. |
| Plaintiff, | **DEFENDANT TESLA, INC.'s NOTICE OF REMOVAL** |
| v. | |
| TESLA INC., a Delaware Corporation; TESLA MOTORS, INC., a Delaware Corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant Tesla, Inc. (incorrectly also named as "Tesla Motors, Inc.") (hereinafter, "Tesla") removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the claims pending as Case No. 201862 in the Superior Court of California, County of Shasta.

## I. Nature of the Removed Case.

1. Plaintiff Joseph Cullis ("Plaintiff") filed this civil action against Tesla in the Superior Court of California, County of Shasta, on March 24, 2023. A true and correct copy of the Summons and Complaint is attached as Exhibit A to the Declaration of Jason M. Richardson. *See* Richardson Decl., ¶¶ 2–3, Ex. A. Plaintiff served the Complaint on Tesla on March 29, 2023, 2023. *Id*., ¶ 4, Ex. A.

2. Plaintiff asserts a claim under the California Business & Professions Code 17500 *et seq.* (False Advertising Law), two claims under California Business & Professions Code § 17200 *et seq.* (Unfair Competition Law), and a claim under the California Song-Beverly Consumer Warranty Act. *See* Complaint ("Compl.") (Ex. A to Richardson Decl.) at ¶¶ 30-45, 46-50, 51-57, and 58-68. Tesla denies these allegations.

3. Plaintiff seeks injunctive relief through each of his four asserted causes of action. *See* Compl. ¶¶ 45, 50, 57, and 68.

4. On April 21, 2023, Tesla timely filed an answer to Plaintiff's Complaint in the state court action, a true and correct copy of which is attached as Exhibit B to the declaration of Jason M. Richardson. *See* Richardson Decl., ¶¶ 5–6, Ex. B.

## II. Tesla Has Satisfied the Procedural Requirements for Removal.

5. A notice of removal shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading. *See* 28 U.S.C. § 1446(b).

6. Plaintiff served the initial pleading, and Tesla received it, on March 29, 2023. Richardson Decl., ¶ 4.

7. Tesla filed this Notice of Removal on April 28, 2023, within "30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. §1446(b); *see also* Richardson Decl., ¶ 4. This Notice of Removal is therefore timely filed.

8. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Tesla in the state action are contained in Exs. A and B to the Richardson Declaration. *See* Richardson Decl., Exs. A and B.

9. This Court is the proper venue for removal under 28 U.S.C. § 1446(a) because it is "the district and division embracing the place where such action is pending," namely Shasta County.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Superior Court of California, County of Shasta, and Tesla will serve a copy of this Notice of Removal on all parties to the state action.

### III. Removal Is Proper Because This Court Has Subject Matter Jurisdiction Based on Diversity Pursuant to 28 U.S.C. §§ 1332 and 1441.

11. Federal subject matter jurisdiction exists where a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Here, diversity of citizenship exists between the parties as provided for pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332

12. This Court has diversity jurisdiction because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. 28 U.S.C. § 1332(a).

#### A. Complete diversity of citizenship exists between the parties.

13. Removal under 28 U.S.C. §§ 1441(b) and 1332(a) is appropriate because complete diversity of citizenship exists between Plaintiff and Tesla.

14. Based on allegations in the Complaint, Plaintiff is a citizen and resident of California. Compl. (Ex. A to Richardson Decl.), ¶ 9. For purposes of removal based on diversity of citizenship, a plaintiff's state of residence is presumptively considered to be the state of citizenship. *See Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.")

15. At the time Plaintiff commenced this action, Tesla was (and still is) a Delaware corporation with its principal place of business in Austin, Texas and, thus, for jurisdictional purposes, is a citizen of those two states. *See* Richardson Decl., ¶¶ 9–11; 28 U.S.C. § 1332(c)(1).

16. Tesla's Form 10-K for the year 2022, which is a publicly available document available through the United States Securities and Exchange Commission's website confirms that Delaware is Tesla's place of incorporation and Austin, Texas is its principal place of business. https://www.sec.gov/Archives/edgar/data/1318605/000095017023001409/tsla-20221231.htm.

17. This Court therefore has jurisdiction of this action under 28 U.S.C. § 1332 because the sole named defendant is a citizen of Delaware and Texas, while Plaintiff is a citizen California.

### B. The amount in controversy requirement is satisfied.

18. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

19. To determine the amount in controversy, a district court should first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy," *i.e.*, that the amount exceeds the threshold. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (citation omitted). If that is not facially apparent, the court then considers whether the notice of removal plausibly alleges that the amount exceeds the threshold. *See Dart Cherokee Basin Operating Co. v. Owens*,

574 U.S. 81, 87–88 (2014). Plausible allegations alone may be sufficient; evidence is required only if the plaintiff contests, or the court questions, the plausibility of the defendant's allegations. *Id*. at 89, 95; *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). If the defendant's allegations are challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 574 U.S. at 87–88.

20. For purposes of determining the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

21. A defendant's showing may rely on reasonable assumptions when estimating the amount in controversy. *Arias*, 936 F.3d at 922. It does not "need to prove to a legal certainty that the amount in controversy requirement has been met." *Dart Cherokee Basin*, 574 U.S. at 88–89 (citing H.R. Rep. No. 112-10 at p. 16 (2011)).

22. Here, it is not "facially apparent" that the amount in controversy exceeds $75,000, insofar as Plaintiff does not expressly allege he seeks more than that amount. Nonetheless, the value of the relief sought confirms that this jurisdictional threshold is met based on Plaintiff's allegations.

23. When a complaint seeks nonmonetary relief, "the amount in controversy is measured by the value of the object of the litigation." *Maine Cmty. Health Options v. Albertsons Companies, Inc.*, 993 F.3d 720, 723 (9th Cir. 2021) (citing *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977).)

24. More specifically, when the plaintiff seeks injunctive relief, "the cost of complying with the injunction is included in the amount in controversy." *Martinez v. Johnson & Johnson Consumer Inc.*, 471 F. Supp. 3d 1003, 1007 (C.D. Cal. 2020) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).)

"[A]lthough injury in an injunction suit may not be capable of exact valuation in money, this fact of itself does not negative federal jurisdiction." *Luna v. Kemira Specialty, Inc.,* 575 F. Supp. 2d 1166, 1172 (C.D. Cal. 2008) (citing *Mailwaukee Mailing, Shipment and Equipment, Inc. v. Neopost, Inc.*, 259 F.Supp.2d 769, 772 (E.D.Wis.2003) and *Hedberg v. State Farm Mut. Auto. Ins. Co.*, 350 F.2d 924, 929 (8th Cir.1965).)

25. The nature of the injunctive relief Plaintiff requests from this Court includes requiring Tesla to build and maintain authorized repair facilities throughout the State of California. Each of Plaintiff's claims rests on a purported failure on the part of Tesla to make available authorized repair facilities "within a reasonable distance" of vehicle purchasers and lessees. *See* Compl. (Ex. A to Richardson Decl.) at ¶¶ 35, 38, 49, 54, 63, and 64. These facilities, which Plaintiff asserts are not located in a variety of required places (including in Shasta County), must be constructed and maintained under Plaintiff's allegations in order for Tesla to comply with the statutes under which he sues. The injunctive relief Plaintiff seeks includes requiring Tesla to provide additional repair facilities "reasonably close to all areas where its consumer goods are sold." *See id*. ¶¶ 63 and 65.

26. While Tesla disputes these allegations factually, and disputes that the claims are based on any cognizable legal theory, it is plain based on the nature of these allegations that the injunctive relief Plaintiff seeks would cost Tesla well in excess of $75,000. The "cost of complying with the injunction" Plaintiff seeks – namely, the building and maintenance of new repair facilities throughout the state in locations Plaintiff desires – would comfortably exceed the jurisdictional threshold. *See Martinez*, 471 F. Supp. 3d at 1007.

27. This jurisdictional amount is further confirmed by Plaintiff's request for attorneys' fees and costs. This statute provides for the recovery of attorneys' fees. allows for the recovery of attorneys' fees. Cal. Civ. Code § 1794(d).

28. Not only does the statue expressly provide existing for attorneys' fees, but as the Ninth Circuit has confirmed, this includes future attorney's fees counsel may stand to recover. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("a court *must* include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"; emphasis added).

29. Plaintiff asserts a claim under the California Song-Beverly Act. *See* Compl. (Ex. A to Richardson Decl.) at ¶¶ 58-68. Plaintiff's Complaint confirms that he is seeking attorneys' fees and costs. *See* Prayer (Ex. A to Richardson Decl.) at pgs. 12-13.

30. As attorneys' fees declarations submitted by Plaintiff's counsel in the last six months confirm, lead counsel in this case, Tarek H. Zohdy, charges $675/hour, while Cody R. Padgett and Laura H. Goolsby charge $600/hour and $475/hour, respectively. *See* Fee Declarations from *Alonso* and *Parrish* matters [Exhibits C and D to Richardson Decl.].

31. These same fee declarations from Plaintiff's counsel of record indicate that counsel incurs in excess of $47,000 in drafting "complaints, pleadings, stipulations, and miscellaneous filings" alone. *See* Alonso Decl. [Ex C to Richardson Decl.] at p.6. Overall fees from this firm for an entire action exceed $450,000. *See* Detailed Fee Entries from *Parrish* Matter [Richardson Decl., Ex. E]. Given the sweeping injunctive relief sought by Plaintiff's counsel in this case, any successfully litigated claim will necessarily involve fees well in excess of $100,000, if indeed such an amount has not already been incurred. Such fees would comfortably exceed the $75,000 jurisdictional threshold.

32. These amounts, combined with the cost of complying with the injunction Plaintiff seeks, must be included in the amount in controversy determination, and confirm that the amount placed in controversy exceeds the jurisdictional requirement.

7
DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL
Case No.

33. Should the Court require further proof of the amount in controversy, Tesla requests the ability to conduct jurisdictional discovery by interrogatories or depositions to support that the amount in controversy is satisfied pursuant to 28 U.S.C. § 1332.

### DEMAND FOR JURY TRIAL

Defendant Tesla, Inc., demands a trial by jury on all issues that may be tried to a jury.

Dated:  April 28, 2023                                         SHOOK, HARDY & BACON L.L.P.

By: _____
JASON M. RICHARDSON

Attorneys for Defendant
Tesla, Inc. (incorrectly named
also as "Tesla Motors, Inc.")