# EXHIBIT A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
03/29/2023
CT Log Number 543518022

## Service of Process Transmittal Summary

**TO:**    LEGAL DEPARTMENT - SOP
TESLA, INC.
901 PAGE AVE
FREMONT, CA 94538-7341

**RE:**    **Process Served in New York**

**FOR:**   Tesla Motors, Inc.  (Former Name)  (Domestic State: DE)
Tesla, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOSEPH CULLIS vs. TESLA, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Civil Case Cover Sheet, Attachment(s) |
| **COURT/AGENCY:** | Shasta County - Superior Court, CA<br>Case # 201862 |
| **NATURE OF ACTION:** | (Violation of California Business & Professions Code 17500, et seq. (False Advertising Law) |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/29/2023 at 11:35 |
| **JURISDICTION SERVED:** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Tarek H. Zohdy<br>Capstone Law APC<br>1875 Century Park East, Suite 1000<br>LOS ANGELES, CA 90067<br>310-556-4811 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/29/2023, Expected Purge Date: 04/03/2023<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>28 Liberty Street<br>New York, NY 10005<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Mar 29, 2023
**Server Name:**              NY-NYC DROPOFFPROCESSSERVER

| Entity Served | TESLA MOTORS INC |
|---|---|
| Case Number | 201862 |
| Jurisdiction | NY |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**FILED**

MAR 2 4 2023

SHASTA COUNTY SUPERIOR COURT
BY: M. PARTRIDGE, DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TESLA, INC., a Delaware corporation; TESLA MOTORS, INC., a Delaware Corporation; and
DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSEPH CULLIS

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Shasta Superior Court<br>1500 Court Street, Redding, CA 96001 | CASE NUMBER: *(Número del Caso):*<br>**201862** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Tarek H. Zohdy, Capstone Law, APC, 1875 Century Park East, Suite 1000, Los Angeles, CA 90067 - Tel. (310) 556-4811

| DATE: **MAR 2 4 2023**<br>*(Fecha)* | Clerk, by<br>*(Secretario)* **M. PARTRIDGE,** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: TESLA MOTORS, INC., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Laura H. Goolsby (SBN 321721)
Laura.Goolsby@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:     (310) 556-4811
Facsimile:     (310) 943-0396

Attorneys for Plaintiff Joseph Cullis

**FILED**

MAR 24 2023

SHASTA COUNTY SUPERIOR COURT
BY: M. PARTRIDGE, DEPUTY CLERK

By Fax

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SHASTA

| | |
|---|---|
| JOSEPH CULLIS,<br><br>              Plaintiff,<br><br>     v.<br><br>TESLA, INC., a Delaware corporation;<br>TESLA MOTORS, INC., a Delaware<br>Corporation; and DOES 1 through 10,<br>inclusive,<br><br>              Defendants. | Case No. **201862**<br><br>**COMPLAINT FOR:**<br><br>(1)   Violations of California Unfair<br>       Competition Law, §§ 17500 *et seq.*<br>(2)   Violations of California Business &<br>       Professions Code §§ 17200 *et seq.*<br>       (Unfair Business Practices – Injunctive<br>       Relief Only);<br>(3)   Violations of California Business &<br>       Professions Code, §§ 17200 *et seq.*<br>       (Unlawful Business Practices– Injunctive<br>       Relief Only);<br>(4)   Violations of the Song-Beverly Consumer<br>       Warranty Act, California Civil Code §§<br>       1790 *et seq.* – Injunctive Relief Only<br><br>**DEMAND FOR JURY TRIAL** |

1

**INTRODUCTION**

2       1.      This case arises out of the failure of Tesla, Inc., Tesla Motors, Inc., and related

3   entities (collectively, "Defendants" or "Tesla") to disclose to the general purchasing public their

4   inability or unwillingness to provide sufficient service and repair facilities that can carry out the

5   terms of Defendants' warranties, and their failure to disclose their inability or unwillingness to

6   make sufficient replacement parts available to authorized service and repair facilities to be able

7   to conduct repairs in a timely manner as required by law.

8       2.      Defendants advertise their vehicles to the general purchasing public, and the

9   public is harmed because Defendants fail to disclose their inability to provide adequately

10  proximate and timely repairs.

11      3.      Defendants are worth over $660 billion, making them the world's seventh most

12  valuable company and the most valuable automaker in existence.[1]

13      4.      In March 2021, Plaintiff Joseph Cullis ("Plaintiff") purchased a new 2021 Tesla

14  Model 3 vehicle designed, manufactured, marketed, distributed, sold, and warranted by

15  Defendants. On or around November 9, 2022, Plaintiff was in an accident that resulted in a

16  broken passenger side mirror, a dent on the side panel of his vehicle, and damaged fenders and

17  bumpers. His insurance company, State Farm, assigned the repairs to Hild Collision Center,

18  close to Plaintiff's residence. However, Hild Collision Center informed him that they do not

19  work on Tesla vehicles. On the Tesla website, Plaintiff saw that the closest Tesla Service Center

20  or Tesla Collision Center to him was in the Bay Area, over a three hour drive away. Instead,

21  Plaintiff decided to go to Courtesy Automotive Collision Center ("Courtesy Automotive"), the

22  third-party shop closest to him that does body work on Tesla vehicles. Courtesy Automotive is

23  located over 70 miles away from Plaintiff's residence, requiring over an hour-long drive.

24  Courtesy Automotive requested the necessary parts in or around mid-November, but advised

25  Plaintiff that it would take about two months for the parts to arrive. Finally, in or around the first

26  week of January 2023, Defendants sent the necessary parts to repair Plaintiff's vehicle.

27

28
---
[1] Tesla Inc., *MarketWatch*, https://www.marketwatch.com/investing/stock/tsla (last visited Feb. 15, 2023); Tesla's Share Price Has Nearly Doubled This Year, *Observer*, https://observer.com/2023/02/tesla-stock-double-2023-tech-rebound/ (last visited Feb. 15, 2023).

COMPLAINT

5.      As a result of Defendants' business practices described herein, Plaintiff has suffered an ascertainable loss of time and money due to purchase of a vehicle based on Defendants' failure to disclose their inability to provide proximate and timely repairs. In addition to constituting false advertising, Tesla's failures to provide adequate repairs result in drivers continuing to drive vehicles that are in need of repair, thus subjecting the general public to a heightened risk of accidents. Plaintiff therefore seeks an order enjoining Defendants from continuing to engage in such unlawful business practices to prevent future injury to the general public. Specifically, Plaintiff seeks a prospective injunction requiring Tesla to disclose its failure to provide adequately proximate repair facilities and adequately timely repairs, which requirements are established by the Song Beverly Act as described below (the "Disclosure Injunction") Plaintiff also seeks a prospective injunction requiring Tesla to comply with the Song-Beverly Act by making such repair facilities available in a proximate and timely manner (the "Song-Beverly Injunction"). Both injunctions are intended to benefit the general public; the Disclosure Injunction will ensure that the prospective general purchasing public will be able to rely on Tesla's advertising and representations and prevent them from being subject to misrepresentations and omissions, and the Song-Beverly Injunction will reduce the presence of vehicles in need of repairs being driven on the roads while they await repairs, thus reducing the safety risk to the general public.

## JURISDICTION AND VENUE

6.      This action is brought by Plaintiff individually, as a consumer in California. The value of injunctive relief sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The Court has jurisdiction over this action pursuant to California Constitution, Article VI, section 10. The statutes under which this action is brought do not specify any other basis for jurisdiction. An actual controversy also exists for purposes of issuing declaratory and injunctive relief.

7.      This Court has jurisdiction over all Defendants because, on information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avails themselves of the California market so as to render

1 | the exercise of jurisdiction over them by the California courts consistent with traditional notions

2 | of fair play and substantial justice.

3 |       8.     Venue is proper because a substantial part of the events or omissions giving rise

4 | to these claims and a substantial part of the property that is the subject of this action are in this

5 | county and a substantial part of the events or omissions giving rise to these claims alleged

6 | herein occurred, or a substantial part of property that is the subject of this action, is situated in

7 | Shasta Lake, California, County of Shasta. Further, venue is also proper in this Court because

8 | Defendants, on information and belief, do business in this county.

9 | **PARTIES**

10 |       9.     Plaintiff Joseph Cullis is a California citizen who resides in Shasta Lake,

11 | California. In March 2021, Plaintiff purchased his 2021 Tesla Model 3 online from Defendants'

12 | website and picked up the vehicle from Defendants' factory in Fremont, California (45500

13 | Fremont Blvd, Fremont, CA 9453).

14 |       10.    TESLA, INC. was and is, upon information and belief, a corporation organized

15 | and in existence under the laws of the State of Delaware and conducts business in the State of

16 | California.

17 |       11.    TESLA MOTORS, INC. was and is, upon information and belief, a corporation

18 | organized and in existence under the laws of the State of Delaware and conducts business in the

19 | State of California.

20 |       12.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein

21 | under the fictitious names DOES 1 through 10 but will seek leave of this Court to amend the

22 | complaint and serve such fictitiously named Defendants once their names and capacities

23 | become known.

24 |       13.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10

25 | were the partners, agents, owners, or managers of TESLA, INC. at all relevant times.

26 |       14.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

27 | acts and omissions alleged herein was performed by, or is attributable to, TESLA, INC.,

28 | TESLA MOTORS, INC. and/or DOES 1 through 10, each acting as the agent, employee, alter

1  ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and
2  was acting within the course and scope of such agency, employment, joint venture, or
3  concerted activity with legal authority to act on the others' behalf. The acts of any and all
4  Defendants were in accordance with, and represent, the official policy of Defendants.

5      15.    At all relevant times, Defendants, and each of them, ratified each and every act
6  or omission complained of herein. At all relevant times, Defendants, and each of them, aided
7  and abetted the acts and omissions of each and all the other Defendants in proximately causing
8  the damages herein alleged.

9      16.    Plaintiff is informed and believes, and thereon alleges, that each of said
10 Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,
11 omissions, occurrences, and transactions alleged herein.

12     17.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times
13 there has existed a unity of interest and ownership between Defendants such that any
14 individuality and separateness between the entities has ceased.

15     18.    TESLA, INC., TESLA MOTORS, INC. and DOES 1 through 10 are therefore
16 alter egos of each other.

17     19.    Adherence to the fiction of the separate existence of Defendants would permit
18 an abuse of the corporate privilege and would promote injustice by protecting Defendants
19 from liability for the wrongful acts committed by them under the name Tesla.

20     20.    At all relevant times, Defendants were and are engaged in the business of
21 designing, manufacturing, marketing, distributing, selling, leasing, and warrantying Tesla-
22 branded vehicles in Shasta County, and throughout the United States of America.

23                          **FACTUAL ALLEGATIONS**

24     21.    Defendants design and manufacture, relevant to this complaint, electric vehicles
25 that are advertised and sold to the general public, including millions of consumers in California
26 and nationwide.

27
28

1    22.    Defendants engage in a widespread advertising campaign, but nowhere do they

2    disclose to the target of that advertising—the general purchasing public—that they are unable to

3    provide reasonably proximate and timely repairs to their vehicles.

4    23.    Defendants "strongly recommend" that maintenance, service, and repairs on

5    Tesla vehicles be done through Tesla Service Centers or Tesla-authorized repair facilities by

6    qualified personnel, as Defendants' warranty does not cover any work done by non-Tesla

7    certified technicians.[2]

8    24.    Defendants sold 68% more vehicles in 2022 than they did in 2021, but the

9    number of Tesla service locations grew by less than 20% in that time. Defendants' group of

10   mobile mechanics, who meet with customers at a preferred location to conduct repairs, only

11   grew by 35% during the same period.[3]  In short, Defendants have failed to ensure that their

12   service and repair infrastructure can actually support the number of vehicles they put on the

13   road.

14   25.    Plaintiff purchased a new 2021 Tesla Model 3 vehicle through Defendants'

15   online platform, and picked it up from their factory in Fremont, California in March 2021. At

16   the time of pick-up, one of Defendants' employees recommended that Plaintiff go to the Tesla

17   service center in Chico, California in case of repairs as it is the closest facility to Plaintiff's

18   home. The Chico Tesla service center is almost 80 miles from Plaintiff's residence.  In or

19   around November 9, 2022 an accident damaged his vehicle's passenger side mirror, put a dent

20   in the passenger-side panel, and damaged his fenders and bumpers.

21   26.    His insurance company, State Farm, assigned the repairs to Hild Collision Center

22   in Redding, CA, conveniently only 8 miles away from Plaintiff's residence. However, Hild

23

24       [2] "Maintenance Service Intervals," Model 3 Owner's Manual, *TESLA*,
     https://www.tesla.com/ownersmanual/model3/en_us/GUID-E95DAAD9-646E-4249-9930-
25   B109ED7B1D91.html (last visited Feb. 15, 2023); Service Information, Roadster, *TESLA*,
     https://service.tesla.com/service-manuals (last visited Feb. 15, 2023).
26
         [3] Heilweil, Rebecca, "Missing Parts, long waits, and a dead mouse: The perils of getting a Tesla fixed,"
27   *Vox*, https://www.vox.com/recode/23318725/tesla-repair-mechanic-delay-electric-vehicles-ev (last visited Feb.
     15, 2023); Q1 2022 Update, *TESLA*, https://tesla-
28   cdn.thron.com/static/IOSHZZ_TSLA_Q1_2022_Update_G9MOZE.pdf?xseo=&response-content-
     disposition=inline%3Bfilename%3D%22TSLA-Q1-2022-Update.pdf%22 (last visited Feb. 15, 2023).

COMPLAINT

1   Collision Center informed him that they do not work on Tesla vehicles. On the Tesla website,
2   Plaintiff saw that the closest Tesla Service Center or Tesla Collision Center to him was in the
3   Bay Area, over a three hour drive away. Instead, Plaintiff decided to go to Courtesy Automotive
4   Collision Center ("Courtesy Automotive"), the third-party shop closest to him that does body
5   work on Tesla vehicles. Courtesy Automotive is located over 70 miles away from Plaintiff's
6   residence, requiring over an hour-long drive. Courtesy Automotive requested the necessary parts
7   in or around mid-November, but advised Plaintiff that it would take about two months for the
8   parts to arrive. Finally, in or around the first week of January 2023, Defendants sent the
9   necessary parts to repair Plaintiff's vehicle.

10       27.    Thousands of other drivers have had similar experiences, as reflected in Tesla
11   consumer forums and other online platforms.[4] These posts contain complaints of an insufficient
12   number of Tesla service facilities, service facilities that are far away, delays in receiving
13   replacement parts, a limited stock of replacement parts, and long wait times for repair
14   appointments, among other issues.[5]

15       28.    Defendants advertise to the general public in California and Nationwide.
16   However, in none of their advertising did Defendants disclose their inability to ensure sufficient
17   service and repair facilities and their inability to provide authorized service and repair facilities
18   with replacement parts. These failures to disclose cause injury to Plaintiff and the general
19   public.

20       29.    As the intended, direct, and proximate result of Defendants' practices,
21   Defendants have been unjustly enriched through the continued failure to disclose their inability
22   to provide sufficient service and repair facilities, and replacement parts at the expense of
23   Plaintiff, the general public, and Defendants' competitors.

24

25       [4] Heilweil, Rebecca, "Missing Parts, long waits, and a dead mouse: The perils of getting a Tesla fixed,"
     *Vox*, https://www.vox.com/recode/23318725/tesla-repair-mechanic-delay-electric-vehicles-ev (last visited Feb.
26   15, 2023).

27       [5] "Tesla Service - 6 week delay no response," *r/TeslaModel3*, Reddit,
     https://www.reddit.com/r/TeslaModel3/comments/vjd02j/tesla_service_6_week_delay_no_response/ (last visited
28   Feb. 15, 2023); Tesla 2021 Annual Meeting Q&A, *Say Technologies*, https://app.saytechnologies.com/tesla-
     2021-annual-meeting?filter=all&search=service&sort=num_shares (last visited Feb. 15, 2023).

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST CAUSE OF ACTION**
**(Violation of California Business & Professions Code §§ 17500, *et seq*. (False Advertising Law)**
**(Against all Defendants)**

30.    Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

31.    Defendants are "persons" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

32.    Defendants have violated, and continue to violate, Section 17500 of the California Business and Professions Code by failing to disclose and disseminating untrue and misleading advertising to Plaintiff and the other members of the general public.

33.    Tesla has and continues to disseminate untrue and misleading advertising by failing to disclose its inability to provide adequate repair facilities within a reasonable distance of where it sells its vehicles as well as its inability to provide adequate repair and replacement parts within 30 days.

34.    Tesla disseminated such untrue and misleading advertisements with the intent to induce Plaintiff the other members of the general public to purchase its vehicles.

35.    Tesla knew, or by the exercise of reasonable care should have known, that it was unable or unwilling to provide adequate repair facilities within a reasonable distance of where it sells its vehicles as well as its inability to provide adequate repair and replacement parts within 30 days.

36.    Indeed, in the State of California "every manufacturer of consumer goods sold in this state and for which the manufacturer has made an express warranty shall Maintain in this state sufficient service and repair facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of those warranties or designate and authorize in this state as service and repair facilities independent repair or service facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranties." *Cal. Civ. Code §§1793.2(a)(1)(A)*.

1       37.    Additionally, "where those service and repair facilities are maintained in this state

2   and service or repair of the goods is necessary because they do not conform with the applicable

3   express warranties, service and repair shall be commenced within a reasonable time by the

4   manufacturer or its representative in this state. Unless the buyer agrees in writing to the contrary,

5   the goods shall be serviced or repaired so as to conform to the applicable warranties within 30

6   days." *Cal. Civ. Code §§1793.2(b).*

7       38.    Tesla's failure to provide adequate repair facilities reasonably close to all areas of

8   consumer goods are sold in order to carry out the terms of its warranties or designate and authorize

9   in this state as service and repair facilities independent repair or service facilities reasonably close

10  to all areas where its consumer goods are sold to carry out the terms of the warranties is a violation

11  of Cal. Civ. Code §§1793.2(a)(1)(A).

12      39.    Accordingly, Tesla was well aware of the false and misleading nature of its

13  failure to disclose its failures to provide such reasonably proximate and timely repairs.

14      40.    Plaintiff reasonably relied on Tesla's representations and/or omissions made in

15  connection with its vehicles. Plaintiff was induced to purchase a Tesla-branded product based

16  on the belief reasonably proximate and timely repairs would be available. Indeed, Telsa is

17  required to provide such repairs under the law.

18      41.    Tesla's representations and/or omissions made in connection with its reference

19  prices, discounts, and limited-time offers were likely to deceive reasonable consumers by

20  obfuscating the true limited nature of the availability for repairs.

21      42.    Had Plaintiff known that he would be unable to receive reasonably proximate

22  and timely repairs, he would not have purchased his vehicle or would have paid less for it.

23      43.    Plaintiff would consider purchasing or leasing similar Tesla vehicles in the future

24  if Plaintiff could rely on Tesla's representations regarding the vehicles.

25      44.    As a direct and proximate result of Tesla's untrue and misleading advertising,

26  Tesla has improperly acquired money from Plaintiff.

27      45.    Plaintiff brings this cause of action for public injunctive relief pursuant to

28  Section 17535 of the California Business and Professions Code. Tesla's violations of Section

COMPLAINT

1   17500 are ongoing because it continues to advertise and engage in misrepresentations and

2   failures to disclose to the public at large, and it continues to fail to provide adequately proximate

3   and timely repairs as required by the Song-Beverly Act, thus increasing the safety risk to the

4   general public. Unless restrained by this Court, Tesla will continue to engage in untrue and

5   misleading advertising, representations, and failures to disclose, as alleged above, in violation of

6   Section 17500. Accordingly, Plaintiff seeks an injunction enjoining Tesla from continuing to

7   violate Section 17500.

**SECOND CAUSE OF ACTION**
8   **(Violation of California Business & Professions Code §§ 17200, *et seq*. (Unfair**
9   **Business Practices- Injunctive Relief Only)**
**(Against all Defendants)**

10      46.     Plaintiff incorporates by reference the allegations contained in each and every

11   paragraph of this Complaint.

12      47.     Defendants are "persons" as defined by California Business & Professions Code

13   sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or

14   associations.

15      48.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and

16   harmful to Plaintiff and to the general public. Plaintiff has suffered injury in fact as a result of

17   Defendants' unfair business practices. Plaintiff seeks to enforce important rights affecting the

18   public interest within the meaning of Code of Civil Procedure section 1021.5.

19      49.     Defendants' activities, namely Defendants' failure to disclose to the general

20   purchasing public its inability to provide adequate repair facilities within a reasonable distance

21   of where it sells its vehicles as well as its inability to provide adequate repair and replacement

22   parts within 30 days, has caused and will cause harm to Plaintiff and the purchasing general

23   public. Likewise, Defendants' failure to provide adequate repair facilities within a reasonable

24   distance of where it sells its vehicles as well as its failure to provide adequate repair and

25   replacement parts within 30 days has caused harm to Plaintiff and the general purchasing public.

26      50.     Plaintiff brings this cause of action for public injunctive relief pursuant to

27   Section 17200, et seq., including Section 17203, of the California Business and Professions

28   Code. Tesla's violations of Section 17200 are ongoing because it continues to advertise and

COMPLAINT

1   engage in misrepresentations and failures to disclose to the public at large, and it continues to

2   fail to provide adequately proximate and timely repairs as required by the Song-Beverly Act,

3   thus increasing the safety risk to the general public. Unless restrained by this Court, Tesla will

4   continue to engage in untrue and misleading advertising, representations, and failures to

5   disclose, as alleged above, in violation of Section 17200. Accordingly, Plaintiff seeks an

6   injunction enjoining Tesla from continuing to violate Section 17200.

**THIRD CAUSE OF ACTION**

7
**Violation of California Business & Professions Code §§ 17200, et seq. (Unlawful Business
Practices - Injunctive Relief Only)**

8
**(Against all Defendants)**

9       51.     Plaintiff incorporates by reference the allegations contained in each and every

10   paragraph of this Complaint.

11       52.     Defendants are "persons" as defined by California Business & Professions Code

12   sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or

13   associations.

14       53.     Defendants' conduct, as alleged herein, has been, and continues to be, unlawful,

15   and harmful to Plaintiff and to the general public. Plaintiff has suffered injury in fact as a result

16   of Defendants' unlawful business practices. Plaintiff seeks to enforce important rights affecting

17   the public interest within the meaning of Code of Civil Procedure section 1021.5.

18       54.     Defendants' activities, namely Defendants' failure to disclose to the general

19   purchasing public its failure to provide adequate repair facilities within a reasonable distance of

20   where it sells its vehicles as well as its failure to disclose its failure to provide adequate repair

21   and replacement parts within 30 days have caused harm to Plaintiff and the general public.

22   Likewise, Defendant's failure to provide adequate repair facilities within a reasonable distance

23   of where it sells its vehicles as well as its failure to provide adequate repair and replacement

24   parts within 30 days has caused harm to Plaintiff and the general purchasing public.

25       55.     As stated, Defendants' failures are a violation of Cal. Civ. Code

26   §§1793.2(a)(1)(A) and Cal. Civ. Code §§1793.2(b). Thus, Defendants' violations constitute an

27   unlawful business practice in violation of California Business & Professions Code sections

28   17200, et seq.

1         56.    A violation of California Business & Professions Code sections 17200, et seq.

2   may be predicated on any unlawful business practice. In the instant case, Defendants' failures

3   have violated the Song-Beverly Consumer Warranty Act and constitute unlawful acts.

4         57.    Plaintiff brings this cause of action for public injunctive relief pursuant to

5   Section 17200, et seq., including Section 17203, of the California Business and Professions

6   Code. Tesla's violations of Section 17200 are ongoing because it continues to advertise and

7   engage in misrepresentations and failures to disclose to the public at large, and it continues to

8   fail to provide adequately proximate and timely repairs as required by the Song-Beverly Act,

9   thus increasing the safety risk to the general public. Unless restrained by this Court, Tesla will

10  continue to engage in untrue and misleading advertising, representations, and failures to

11  disclose, as alleged above, in violation of Section 17200. Accordingly, Plaintiff seeks an

12  injunction enjoining Tesla from continuing to violate Section 17200.

13                               **FOURTH CAUSE OF ACTION**

14              **Breach of the Song-Beverly Consumer Warranty Act**
        **Cal. Civ. Code §§ 1790, *et seq.* (for Injunctive Relief Only)**

15        58.    Plaintiff incorporates by reference the allegations contained in each and every

16  paragraph of this Complaint.

17        59.    Plaintiff brings this cause of action individually and on behalf of the general public

18  for public injunctive relief.

19        60.    Tesla's Vehicles are "consumer goods" within the meaning of Cal. Civ. Code

20  § 1791(a).

21        61.    Tesla is a manufacturer within the meaning of Cal. Civ. Code § 1791(j).

22        62.    Plaintiff who purchased his Vehicles within the State of California is a "buyers"

23  and "lessees" within the meaning of Cal. Civ. Code §§ 1791(b) and (h).

24        63.    In the State of California "every manufacturer of consumer goods sold in this state

25  and for which the manufacturer has made an express warranty shall Maintain in this state

26  sufficient service and repair facilities reasonably close to all areas where its consumer goods are

27  sold to carry out the terms of those warranties or designate and authorize in this state as service

28  and repair facilities independent repair or service facilities reasonably close to all areas where its

1 | consumer goods are sold to carry out the terms of the warranties." *Cal. Civ. Code*
2 | *§§1793.2(a)(1)(A).*

3 | 64.    Additionally, "where those service and repair facilities are maintained in this state
4 | and service or repair of the goods is necessary because they do not conform with the applicable
5 | express warranties, service and repair shall be commenced within a reasonable time by the
6 | manufacturer or its representative in this state. Unless the buyer agrees in writing to the contrary,
7 | the goods shall be serviced or repaired so as to conform to the applicable warranties within 30
8 | days." *Cal. Civ. Code §§1793.2(b).*

9 | 65.    Tesla's failure to provide adequate repair facilities reasonably close to all areas of
10 | consumer goods are sold in order to carry out the terms of its warranties or designate and authorize
11 | in this state as service and repair facilities independent repair or service facilities reasonably close
12 | to all areas where its consumer goods are sold to carry out the terms of the warranties is a violation
13 | of Cal. Civ. Code §§1793.2(a)(1)(A).

14 | 66.    Tesla's failure to provide adequate replacement parts to as to allow repairs on its
15 | vehicles to commence within 30 days is a violation of Cal. Civ. Code §§1793.2(b).

16 | 67.    "Any buyer of consumer goods who is damaged by a failure to comply with any
17 | obligation under this chapter or under an implied or express warranty or service contract may
18 | bring an action for the recovery of damages and other legal and equitable relief." Cal. Civ. Code
19 | §1794(a).

20 | 68.    Plaintiff seeks a prospective injunction requiring Tesla to provide reasonably
21 | proximate and timely repairs as required by the above-stated provisions of the Song-Beverly Act.
22 | Such an injunction will benefit the general public by reducing the number of Tesla vehicles being
23 | driven while they await repairs, thus reducing an unnecessary and unlawful safety risk to the
24 | general public.

25 | **PRAYER FOR RELIEF**

26 | 69.    Plaintiff requests the Court to enter judgment against Defendants, as follows:

27 |
28 |

COMPLAINT

a. An order enjoying Tesla from continuing to violate California's False Advertising Law, Unfair Competition Law, and Song-Beverly Act as described herein;

b. An order granting injunctive and declaratory relief to remedy Defendants' violations of California law, including but not limited to an order declaring the parties' respective legal rights and obligations and enjoining Defendants from continuing their unlawful and unfair business practices;

c. An award of attorneys' fees and costs, as permitted by law;

d. An award of attorneys' fees and costs pursuant to California Code of Civil Procedure section 1021.5; and

e. Leave to amend the Complaint to conform to the evidence produced at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues in this action so triable. [i]

Dated:  March 24, 2023

Respectfully submitted,

Capstone Law APC

By: _____
Tarek H. Zohdy
Cody R. Padgett
Laura H. Goolsby

Attorneys for Plaintiff Joseph Cullis

COMPLAINT

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Tarek Zohdy (SBN 247775); Cody Padgett (SBN 275553); Laura Goolsby (SBN 321721)
Capstone Law APC
1875 Century Park East, Suite 1000, Los Angeles, CA 90067

TELEPHONE NO.: (310) 556-4811   FAX NO. (Optional): (310) 943-0396
ATTORNEY FOR (Name): Plaintiff Joseph Cullis

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
STREET ADDRESS: 1500 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Redding, CA 96001
BRANCH NAME: Main Courthouse

CASE NAME:
Joseph Cullis v. Tesla, Inc.; Tesla Motors, Inc.

**FOR COURT USE ONLY**

**FILED**

MAR 24 2023

SHASTA COUNTY SUPERIOR COURT
BY: M. PARTRIDGE, DEPUTY CLERK

By Fax

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder | **201862** |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[x] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: 3/24/2023

Tarek H. Zohdy
(TYPE OR PRINT NAME)                                              ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**          CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

## THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF SHASTA

CASE NO.: __201862__

**NOTICE OF 1) ALL PURPOSE ASSIGNMENT,
2) MANDATORY SETTLEMENT
CONFERENCE AND 3) TRIAL**

## INSTRUCTIONS – READ IMMEDIATELY!

### ORDER OF ASSIGNMENT

This action is assigned to the ☒ Hon. Stephen H. Baker / ☐ Hon. Tamara L. Wood for all purposes pursuant to Local Rule 3.02 of the Shasta County Superior Court.

### MANDATORY SETTLEMENT CONFERENCE DATE

A Mandatory Settlement Conference will be conducted in this action on Monday/Tuesday _12·18·23_ at 1:30 p.m. in Department ☒3 / ☐ 8, located at 1500 Court Street, Redding, California 96001. All parties to this action are required to appear at the Settlement Conference.

The parties are ordered to comply with California Rules of Court, Rule 3.1380 relating to settlement conferences. Pursuant to Rule 3.1380(b), this court finds good cause is deemed to have been shown to excuse from attendance at settlement conference claims persons whose offices are more than 100 miles from the courthouse.

### TRIAL DATE

This matter is set for Trial on Tuesday/Wednesday, _2·21·24_ at 8:45 a.m. in Department ☒3 / ☐ 8, located at 1500 Court Street, Redding, CA 96001.

### REQUIREMENT FOR SERVING THIS NOTICE

Plaintiff shall serve this notice on each defendant at the time of service of the complaint and on all intervenors and interpleaders within 10 days of service on plaintiff of complaints in intervention or interpleader. All cross-complainants shall serve this notice on each cross-defendant at the time of service of the cross-complaint.

IF YOU ARE A DEFENDANT OR CROSS-DEFENDANT, YOU HAVE BEEN SERVED WITH OTHER DOCUMENTS ALONG WITH THIS NOTICE. UNDER THE LAW, THOSE OTHER DOCUMENTS REQUIRE YOU TO TAKE ACTION PROMPTLY TO PRESERVE YOUR RIGHTS. PLEASE REVIEW THOSE MATERIALS IMMEDIATELY. THE REQUIREMENTS SET FORTH IN THIS NOTICE AND THE SETTLEMENT CONFERENCE AND TRIAL DATE SCHEDULED IN THIS NOTICE ARE SEPARATE AND ARE IN ADDITION TO THOSE CONTAINED IN THE OTHER DOCUMENTS WHICH YOU HAVE RECEIVED.

Dated: January 1, 2023

ADAM B. RYAN, Presiding Judge

I CERTIFY THAT A COPY OF THIS DOCUMENT WAS PROVIDED TO THE PLAINTIFF ON _1·4·23_ BY: _____, DEPUTY CLERK