UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CULLIS,<br><br>  Plaintiff,<br><br>  v.<br><br>TESLA INC., et al.,<br><br>  Defendants. | No.  2:23-cv-00798-DAD-DMC<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. No. 13) |

This matter is before the court on the motion for judgment on the pleadings filed by defendants Tesla Inc. and Tesla Motors, Inc. ("Tesla") on March 25, 2024. (Doc. No. 13.) On June 12, 2024, the pending motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 24.) For the reasons explained below, the court will grant defendants' motion for judgment on the pleadings.

**BACKGROUND**

On March 24, 2023, plaintiff Joseph Cullis filed his complaint in the Shasta County Superior Court initiating this false advertising action against defendants. (Doc. No. 1-2 at 6.) In his complaint, plaintiff alleges the following.

Plaintiff Cullis is an individual residing at Shasta Lake, California. (*Id.* at ¶ 9.) In March 2021, plaintiff purchased a 2021 Tesla Model 3 (the "Subject Vehicle") from defendants' website

1

1  and took delivery of the Subject Vehicle from defendants' factory in Fremont, California.  (*Id.*)
2  Plaintiff was told by one of defendants' employees when he picked-up the vehicle that the Tesla
3  Service Center in Chico, California was the closest Tesla facility to his residence despite being 80
4  miles away.  (*Id.* at ¶ 25.)  On November 9, 2022, the Subject Vehicle was damaged in an
5  accident.  (*Id.* at ¶ 25.)  Plaintiff had the Subject Vehicle repaired at Courtesy Automotive
6  Collision Center, the closest third-party repair shop authorized to work on Tesla vehicles, which
7  was 70 miles away from his residence.  (*Id.* at ¶ 26.)  Courtesy Automotive requested the
8  necessary parts to repair the Subject Vehicle in or around mid-November, but it took until the first
9  week of January 2023 for defendants to send the parts.  (*Id.*)

10  Defendants advertise to the general public in California and in the United States.  (*Id.* at
11  ¶ 28.)  In their representations to the public, defendants recommend that repairs for Tesla vehicles
12  should be done through Tesla Service Centers or Tesla-authorized repair facilities.  (*Id.* at ¶ 23.)
13  However, as defendants' business grew from 2021 to 2022, the number of Tesla service locations
14  grew at a slower rate.  (*Id.* at ¶ 24.)  This has led to some Tesla customers being far away from
15  their nearest Tesla Service Center or facing delays in receiving replacement parts.  (*Id.* at ¶ 27.)

16  On April 28, 2023, defendants removed this action from the Shasta County Superior Court
17  to this federal court. (Doc. No. 1.)  In his complaint, plaintiff asserts the following four claims
18  against both defendants:  (1) failure to disclose and dissemination of untrue and misleading
19  advertising in violation of California's False Advertising Law ("FAL"), California Business and
20  Professions Code §§ 17500, *et seq.*; (2) unfair business practices in violation of California's
21  Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.*;
22  (3) unlawful business practices in violation of the UCL; and (4) failure to maintain reasonably
23  close repair facilities and commence repairs within a reasonable time in violation of the Song-
24  Beverly Consumer Warranty Act ("Song-Beverly"), California Civil Code §§ 17500, *et seq.*
25  (Doc. No. 1-2 at 13–18.)

26  On March 25, 2024, defendants filed the pending motion for judgment on the pleadings.
27  (Doc. No. 13.)  On April 24, 2024, plaintiff filed his opposition to the pending motion (Doc.
28  No. 18), and on May 15, 2024, defendants filed their reply thereto (Doc. No. 22).

**LEGAL STANDARD**

**A.     Rule 12(c) — Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides that: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings[.]" *Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006), *aff'd*, 277 F. App'x 734 (9th Cir. 2008). In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

The same legal standard applicable to a Rule 12(b)(6) motion applies to a motion brought under Rule 12(c). *See Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Tr. v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming*, 581 F.3d at 925 ("judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law"). In considering a motion for judgment on the pleadings, the allegations of the complaint must be accepted as true, while any allegations made by the moving party that contradict the allegations of the complaint are assumed to be false. *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *See Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005).

**B.     Rule 9(b) — Heightened Pleading Standards**

"When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). Under Rule 9(b), the "circumstances constituting the alleged fraud [must] be

3

specific enough to give defendants notice of its particular misconduct . . . so they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). To satisfy the particularity standard of Rule 9(b), "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020) (quotations omitted) (quoting *Davidson v. Kimberley-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)). However, "[m]alice, intent, knowledge and other conditions of a person's mind may be alleged generally." *Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 404 (9th Cir. 2021) (quoting Fed. R. Civ. P. 9(b)); *see also Klaehn v. Cali Bamboo LLC*, No. 21-55738, 2022 WL 1830685, at *2 (9th Cir. 2022)[1] ("Under Fed. R. Civ. P. 9(b), a plaintiff must plead circumstances from which a court can plausibly infer the defendant's knowledge.").

## ANALYSIS

### A. Song-Beverly Claim

Defendants move for judgment on the pleadings as to plaintiff's claim that defendants violated the Song-Beverly Consumer Warranty Act, arguing that plaintiff has failed to allege that the damages to his car were covered under an express or implied warranty. (Doc. No. 13 at 13–14.) Plaintiff appears to concede this point in his opposition brief, stating that, because the relief he seeks is a public injunction,[2] he need only allege that defendants failed to maintain sufficient service and repair facilities reasonably close to where their consumer goods are sold or that at such facilities they are unable to repair vehicles within 30 days. (Doc. No. 8 at 11.) That is,

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[2] Because dismissal is required on other grounds, the court does not address or resolve whether a claim for public injunctive relief can be stated under the Song-Beverly Act. *See McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 959 (2017) (noting that public injunctive relief must be made available under the statute pursuant to which the plaintiff is asserting a claim, such as through the CLRA, the UCL, or the false advertising law, for the plaintiff to have standing to bring such a claim).

4

plaintiff argues that he need not allege the existence of a warranty in connection with his breach of warranty claim. Defendants argue in reply that a suit seeking public injunctive relief is nonetheless brought on a plaintiff's own behalf and that plaintiff must still state a claim himself under the Song-Beverly Act, which plaintiff has failed to do. (*See* Doc. No. 22 at 9–10.)

The Song-Beverly Act requires:

> (a) Every manufacturer of consumer goods sold in this state and for which the manufacturer has made an express warranty shall:
>
> (1)(A) Maintain in this state sufficient service and repair facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of those warranties or designate and authorize in this state as service and repair facilities independent repair or service facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranties.
>
> . . .
>
> (b) Where those service and repair facilities are maintained in this state and service or repair of the goods is necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative in this state. Unless the buyer agrees in writing to the contrary, the goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days.

Cal. Civ. Code § 1793.2 (emphasis added). A plaintiff bringing a claim under the Song-Beverly Act must allege that:

> (1) the product had a defect or nonconformity covered by the express warranty; (2) the product was presented to an authorized representative of the manufacturer for repair; and (3) the manufacturer or its representative did not repair the defect or nonconformity after a reasonable number of repair attempts.

*Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 798–99 (2006).

Here, plaintiff has not alleged that the damage his vehicle suffered in an accident was covered by any express or implied warranty. To state a claim under the Song-Beverly Act, plaintiff must allege that the defect or nonconformity that the Subject Vehicle had was covered by an express or implied warranty. *See, e.g., Gonzalez v. Drew Indus. Inc.*, 750 F. Supp. 2d 1061, 1073 (C.D. Cal. 2007) (noting that a claim under the Song-Beverly Act requires that "the product had a defect or noncomformity *covered by the express warranty . . . .*") (emphasis added); *Ruvalcaba v. Hyundai Motor Am.*, No. 8:22-cv-01244-JWH-JDE, 2024 WL 943946, at *4 (C.D.

5

Cal. Jan. 4, 2024) (holding that the plaintiff failed to state a claim where he failed to allege that a used car was "sold with a manufacturer's express warranty"); *Pineda v. Nissan N. Am., Inc.*, No. 22-cv-239-DMG-JCX, 2022 WL 2920416, at *3 (C.D. Cal. July 25, 2022) (finding that the plaintiff must allege that the defendant failed to conform its vehicle to the express warranty).

Plaintiff contends that he need not allege a breach of the warranty to support his breach of warranty claim because by seeking public injunctive relief, the court may consider "future harms to the general public" and it is "obvious by the facts" that a cognizable breach of warranty claim under the Song-Beverly Act is likely to be brought in the future by one of defendants' customers. (Doc. No. 18 at 11–12.) Indeed, plaintiff's allegations suggest such a future breach of warranty by defendants as to one of their customers is unacceptably likely. He alleges that defendants only made repairs available to him at a location far from his residence and that defendants provided repair parts only after a delay of several weeks. (Doc. No. 1-2 at ¶¶ 25, 26.) But, as defendants correctly argue, public injunctive relief is merely an available remedy for plaintiffs who can already privately state a claim under a statute which authorizes public injunctive relief. *See McGill*, 2 Cal. 5th at 959–60. Crucially, the California Supreme Court has clarified that a private plaintiff is not pursuing "representative claims or relief on behalf of others," because that would "[improperly] authorize private individuals to proceed on behalf of the general public[.]" *Id.* at 959–60 (emphasis omitted); *see* Cal. Bus. & Prof. Code § 17203; 2004 Cal. Legis. Serv. Prop. 64.

Accordingly, the court will grant defendants' motion for judgment on the pleadings as to plaintiff's Song-Beverly Act claim.

**B.     False Advertising Law Claim**

Defendants also move for judgment on the pleadings as to plaintiff's claim alleging a violation of California's False Advertising Law ("FAL"), arguing that plaintiff has failed to allege a required affirmative misrepresentation as opposed to a mere omission. (Doc. No. 13 at 16–17.) Plaintiff argues that defendants' statement that they "strongly recommend" that maintenance on

/////

/////

/////

6

Tesla vehicles be done through their authorized service and repair facilities is an affirmative misrepresentation that suffices to allege a cognizable claim under the FAL. (Doc. No. 18 at 14.)[3]

"A[n] FAL claim is not cognizable when based solely on an omission of material information." *Stewart v. Electrolux Home Prods., Inc.*, 304 F. Supp. 3d 894, 907 (E.D. Cal. 2018). "[W]hen the defendant has not made any statements at all, a plaintiff cannot assert a claim under the FAL. In contrast, a plaintiff may state a claim under the FAL if the defendant actually made a statement, but omitted information that undercuts the veracity of the statement." *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1023 (N.D. Cal. 2016).

Here, plaintiff's FAL claim fails as a matter of law because he has failed to allege an affirmative representation made by defendants which was false or misleading. Plaintiff relies on defendants "failing to disclose [their] inability to provide adequate repair facilities" and their recommendation that Tesla customers have their vehicles repaired at an authorized service facility. (Doc. Nos. 1-2 at ¶ 33; 18 at 14.) However, neither of these is an affirmative representation, nor does plaintiff allege a representation that is undercut by the alleged omission or recommendation. *Cf. In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 990–91 (S.D. Cal. 2014) (denying the defendant's motion to dismiss where the plaintiff alleged that the defendant's representation that it would take "reasonable steps" to secure personal information was undercut by omission that network intrusions occurred); *see also Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1090 (N.D. Cal. 2017) (finding that an FAL claim was based on pure omissions when the claim was centered on messages that did not appear on product packaging). As noted, the court does not consider plaintiff's new allegations of additional misrepresentations advanced for the first time in his opposition to the pending motion.

/////

---

[3] Plaintiff also notes other alleged misrepresentations made by defendant in his opposition to the pending motion to dismiss. (*See* Doc. No. 18 at 14.) However, the court may not consider these additional allegations in resolving the pending motion to dismiss. *Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint . . . , such as [to] a memorandum in opposition to a defendant's motion to dismiss."). The court therefore will not consider plaintiff's new allegations contained in his opposition.


Therefore, the court will grant defendants' pending motion for judgment on the pleadings as to plaintiff's FAL claim.[4]

**C.     UCL Claims**

Finally, defendants move for judgment on the pleadings as to plaintiff's two UCL claims, one alleging "unfair" business practices and the other alleging "unlawful" business practices. (Doc. No. 13 at 20–23.) California courts employ three different tests in determining whether a business practice is "unfair" under the UCL: the balancing test, the FTC test, and the public policy test. *See Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 919–20 (E.D. Cal. 2020).

> The balancing test determines whether the alleged practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers and requires the court to weigh the utility of the defendant's alleged conduct against the gravity of the harm to the alleged victim. *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010). The FTC test draws on the definition of unfair appearing in § 5 of the Federal Trade Commission Act and requires that: (1) the consumer injury be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided. *Drum*, 182 Cal. App. 4th at 257. Finally, the public policy test requires that the public policy which is a predicate to a consumer unfair competition action under the "unfair" prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions. *Id.* at 256.

---

[4] Plaintiff also argues that defendants owed a duty to disclose their "lack of adequate repair facilities" as "a violation of law under Song-Beverly[]" actionable under the False Advertising Law. (Doc. No. 18 at 15–16.) The law is marked by "general disarray" on the scope of a defendant's duty to disclose as actionable under the FAL. *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1101 (N.D. Cal. 2021) (finding that an FAL claim can proceed on the theory of an omission which the defendant was obliged to disclose); *see, e.g. Dana v. Hershey Co.*, 180 F. Supp. 3d 652, 668-69 (N.D. Cal. 2016) (collecting cases and finding that the plain text of the FAL requires an affirmative misrepresentation). The court need not resolve this issue as plaintiff has not alleged that any of the *LiMandri* factors—at least one of which is required to sufficiently allege that a defendant has a duty to disclose—are satisfied here. *See LiMandri v. Judkins*, 52 Cal. App. 4th 326 (1997); *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1085 (N.D. Cal. 2022) (noting that the plaintiff must allege the presence of one of the *LiMandri* factors: that (1) defendant is in a fiduciary relationship with plaintiff; (2) defendant had exclusive knowledge of material facts not known to plaintiff; (3) defendant actively conceals a material fact from plaintiff or (4) defendant makes partial representations but suppresses some material facts). Without alleging the satisfaction of one of those factors, plaintiff cannot state a claim under the FAL for defendants' breach of a duty to disclose.

*Roper*, 510 F. Supp. 3d at 919–20.  Under the "unlawful" prong of the UCL, plaintiff must allege a predicate violation of law.  *See, e.g., Nacarino v. Chobani, LLC*, 668 F. Supp. 3d 881, 891 (N.D. Cal. 2022) ("[T]he unlawful prong of the UCL 'borrows violations of other laws and treats [them] . . . as unlawful practices independently actionable under section 17200 *et seq.* . . . .") (citation omitted).  Defendant argues that plaintiff has failed to allege facts satisfying the elements of any applicable test under the "unfair" prong of the UCL and that plaintiff cannot successfully plead a claim under the "unlawful" prong since there is no predicate violation that was properly pled.  (Doc. No. 13 at 21–22.)  Plaintiff appears to argue in his opposition that, because he is seeking public injunctive relief and pleading statutory violations through his Song-Beverly and FAL claims, that all three tests of the "unfair" prong are satisfied and that he has successfully pled a predicate violation of law under the "unlawful" prong of the UCL.  (Doc. No. 18 at 18–20.)

The balancing test under the "unfair" prong of the UCL requires analyzing "[the business practice's] impact on its alleged victim, balanced against the reasons, justifications[,] and motives of the alleged wrongdoer.  In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim . . . ."  *Republican Nat'l Comm. v. Google LLC ("RNC")*, No. 2:22-cv-0104-DJC-JDP, 2024 WL 3595538, at *10 (E.D. Cal. July 31, 2024) (citation omitted).  But here, plaintiff has not alleged "anything regarding the relative weights of defendant's practice" with respect to maintaining service and repair facilities and the harm caused to the consumer.  *See Shahbaz v. Arista Networks, Inc.*, No. 2:24-cv-00431-DAD-SCR, 2024 WL 4368253, at *5 (E.D. Cal. Oct. 1, 2024) ("Courts look for whether the harm to the consumer is outweighed by the utility of the defendant's practice.") (citing *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 735–36 (9th Cir. 2007)).  Therefore, plaintiff has not sufficiently alleged under the UCL that defendants' practices are unfair under the balancing test.

While the parties agree that the FTC test can apply to this action, courts have been divided on the application of it to consumer cases.  *See, e.g. Lozano*, 504 F.3d at 736 (noting that the FTC guidelines are more appropriate for anti-competitive conduct); *Epperson v. Gen. Motors, LLC*, 706 F. Supp. 3d 1031, 1041-42 (S.D. Cal. 2023) (collecting cases).  However, even assuming that the FTC test does apply, plaintiff has not alleged the substantiality of the consumer injury or

whether there are any countervailing benefits to consumers or corporations. *See Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403 (2006) (setting out the FTC test as requiring "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided."). The court concludes that plaintiff has thus not sufficiently alleged that defendants' business practices are unfair under the FTC test.

As to the public policy or tethering test, plaintiff contends his allegations that defendants violated the FAL and Song-Beverly by not maintaining adequate repair facilities are sufficient to allege unfairness under the UCL. (*See* Doc. No. 18 at 18–19.) Defendants argue that plaintiff has alleged "no violation of any constitutional, statutory, or regulatory provision[]" and therefore that their conduct is not unfair under the tethering test. (*See* Doc. No. 13 at 21.) However, the lack of direct violation of a statute is not dispositive to the tethering test. *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1227 (N.D. Cal. 2014); *RNC*, No. 2:22-cv-0104-DJC-JDP, at *7 ("[T]he conduct does not need to be a direct violation of the law (which would otherwise collapse the unlawful prong into the unfair prong) . . . ."). "To determine whether something is sufficiently 'tethered' to a legislative policy for the purposes of the unfair prong, California courts require a close nexus between the challenged act and the legislative policy." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 866 (9th Cir. 2018). California courts have repeatedly found that the Song-Beverly Act was intended "to expand consumer protection and remedies" for warranty violations. *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1223 (9th Cir. 2015). However, as explained above, plaintiff has not alleged any breaches of warranty that the California legislature intended to remedy nor any affirmative misrepresentations that would constitute false advertising. The legislature could have provided broader protections to require that non-warranty repairs have the same protections as warranty repairs do under Song-Beverly, but it did not do so. "'[The court] decline[s] the invitation to do that which the Legislature has left undone.'" *RNC*, No. 2:22-cv-0104-DJC-JDP, at *9 (citation omitted). Therefore, the court finds that plaintiff has not alleged sufficient facts to support a claim that defendants' business practices are unfair under the tethering test.

1      Finally, under the "unlawful" prong of the UCL, because plaintiff has not properly alleged
2 violations of those other laws, he cannot "borrow" those alleged violations and somehow make
3 them actionable under the UCL. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th
4 Cir. 2012). Accordingly, the court will grant defendants' motion for judgment on the pleadings
5 with regard to both of plaintiff's UCL claims.

**D.     Leave to Amend**

       Courts have the discretion to grant a motion for judgment on the pleadings with leave to amend. *Diaz v. Trans Union LLC*, No. 1:18-cv-01341-DAD-EPG, 2019 WL 2389937, at *4 (E.D. Cal. June 6, 2019) (citing *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004)). Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .").

       Here, plaintiff has not had the opportunity to amend his complaint and it is not clear that plaintiff is unable to cure the deficiencies of his pleadings in a subsequent amended complaint.[5] Therefore, the court will grant plaintiff leave to amend his complaint.

**CONCLUSION**

For the reasons set forth above:

1.     The motion for judgment on the pleadings filed by defendants Tesla, Inc. and Tesla Motors, Inc. (Doc. No. 13) is granted as to all claims asserted against them, with leave to amend; and

/////

/////

/////

---

[5] The court additionally notes that plaintiff has demonstrated some ability to cure the deficiencies identified by alleging additional representations by defendants in his opposition to the pending motion to dismiss. (Doc. No. 18 at 14.)

11

2. Within twenty-one (21) days from the date of entry of this order, plaintiff shall file either a first amended complaint or a notice of his intent not to do so.

IT IS SO ORDERED.

Dated: __**October 24, 2024**__    /s/ Dale A. Drozd
                                    DALE A. DROZD
                                    UNITED STATES DISTRICT JUDGE

12